IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

BEN LUNSFORD                                                                    PETITIONER


V.                                NO: 1:17CV00090 JM/PSH


ARKANSAS PAROLE BOARD,
ARKANSAS COMMUNITY CORRECTION,
DEANA SISSON,
Institutional Release Officer,
Arkansas Community Correction, and
WENDY KELLEY, Director,
Arkansas Department of Correction                                  RESPONDENTS


## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Petitioner Ben Lunsford ("Lunsford"), formerly an inmate in the custody of the Arkansas Department of Correction ("ADC"), filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on October 11, 2017. Lunsford, who was granted permission to proceed *in forma pauperis*, named Deana Sisson ("Sisson") and Arkansas Department of Community Correction as

respondents.  Ultimately, the Court ordered service on Sisson, Arkansas Department of Community Correction, Arkansas Parole Board, and the ADC.  Docket entry nos. 10 & 14.  The Court's Order of February 5, 2018, regarding service of process, was returned as undeliverable to the address provided by Lunsford.  Docket entry no. 15.  On February 14, 2018, the Court issued an Order notifying Lunsford of his responsibility under the Local Rules to notify the Court and other parties of any address change.  Lunsford was further notified of his duty to respond to the Court's Order and to provide his current address within thirty days.  He was also warned that failure to respond could result in the recommended dismissal of the case.

More than 30 days have passed, and Lunsford has not responded.  Under these circumstances, the Court concludes that Lunsford's petition should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's order.  *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (district courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

Therefore, the Court recommends that Lunsford's petition for writ of habeas corpus be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's order.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a

2

constitutional right. Thus, the Court recommends that the certificate of appealability be denied.

DATED this 21st day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE